**ORIGINAL**

# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**
No. 13-572C
(Filed: December 19, 2013)

**FILED**
DEC 1 9 2013
U.S. COURT OF
FEDERAL CLAIMS

| | )
TALANO, | )
 | )
      Plaintiff, | )
 | )
v. | )
 | )
THE UNITED STATES, | )
 | )
      Defendant. | )
 | )

## ORDER DISMISSING COMPLAINT

On August 12, 2013, Jeff Talano ("Mr. Talano" or "plaintiff") filed a pro se complaint against the United States Postal Service ("the government" or "USPS") on his own behalf and, ostensibly, on behalf of Material Movement LLC ("Material Movement"), a Louisiana Limited Liability Company ("LLC").[1] Mr. Talano, who is not an attorney, is a "manager, training driver, regular driver, and a relief driver for [M]aterial [M]ovement." Compl. at 1. The complaint seeks damages totaling $10 million. Plaintiff's allegations relate to two sets of events that included USPS's July 10, 2012 decision to terminate its contract with Material Movement for default.

The government moved to dismiss the complaint on October 28, 2013. Briefing was completed on December 13, 2013, and the court deems oral argument unnecessary. For the reasons set forth below, the court **GRANTS** the government's motion to dismiss the complaint.

---

[1] Material Movement appears to be owned by Mary Talano. See Gov.'s Mot. Dismiss App. A12.

I. **BACKGROUND**[2]

a. **Contract award and revocation of plaintiff's access to the mails**

USPS awarded a contract to Material Movement in February 2006 to provide mail transportation services for Highway Contract Route ("HCR") 710L5. USPS uses such contracts when it determines that doing so will be cost-effective or otherwise in the best interests of the United States. See Jones v. United States, No. 12-290, 2013 WL 2477288, slip op. at 1 (S.D. Ind. June 7, 2013) (describing HCRs). The initial period of performance of HCR 710L5 was from March 1, 2009 to March 31, 2012. USPS subsequently extended the contract through June 30, 2013.

On July 15, 2011, USPS temporarily denied Mr. Talano access to the mails and mail facilities. See Compl. Ex. 1. According to a subsequent letter sent by USPS to Material Movement, this decision was based on reports that Mr. Talano had "violated Postal Service Rules and opened a sealed trailer by removing the seal himself. Additionally, [Mr.] Talano was accused by a Postal Service business mailer customer as having behaved in a manner that was unacceptable and potentially dangerous to that customer's employees." Id. On August 2, 2011, the denial became permanent. Id. Material Movement appealed the decision to the Surface Transportation Category Management Center ("CMC"), which denied the appeal on October 5, 2011. Compl. Ex. 2. The appeal ruling stated that there was no evidence "that the decision by the Contracting Officer was in violation of postal regulations." Id.

b. **Termination of HCR 710L5 for default**

On June 7, 2012, USPS issued a Show Cause Notice to Material Movement threatening to terminate HCR 710L5 for default. According to the notice, USPS had evidence that Material Movement had (1) "abandoned service on the contract and failed to operate . . . from June 1 through June 4, 2012," and (2) "repeatedly operated trips . . . with a straight truck in violation of the contract." Gov.'s Mot. Dismiss App. A9. The Show Cause Notice stated that Material Movement was suspended, effective immediately, from further work on HCR 710L5 pending the Transportation Contracting Officer's determination on Material Movement's status as the supplier. The notice further stated that unless Material Movement provided verifiable information refuting the alleged conduct, or a persuasive explanation for why USPS could be confident that the

---

[2] These facts are taken from plaintiff's complaint and the attachments thereto, as well as attachments to the Government's Motion to Dismiss. Where, as here, the defendant challenges the factual basis for the court's subject matter jurisdiction, it is well-established that the court need not accept the truth of the complaint's jurisdictional facts, and may rely on matters outside the pleadings for the purpose of deciding the Rule 12(b)(1) motion. See Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

alleged conduct would not recur, that USPS would consider terminating the contract for default. Id.

On June 18, 2012, Mr. Talano[3] sent an e-mail to the responsible Transportation Contracting Officer in which he contested the truth of the allegations in the Show Cause Notice. Mr. Talano also alleged that USPS had failed to adhere to its alleged duty to provide Material Movement with "late slips from the airport . . . [and] refuse[d] to pay us for a significant portion of the services that we have rendered to, from, and at the same airport . . . ." Gov.'s Mot. Dismiss App. A12. In light of these allegations, Mr. Talano made "a claim for 200 thousand dollars for this particular conscious and malicious breach of contract, with an additional claim of 10 times the claim as damages for it being malicious, for a total of 2.2 million dollars." Id. The e-mail did not appear to include any attached evidence to support Mr. Talano's statements.

On July 10, 2012, USPS terminated HCR 710L5 for default, effective June 1, 2012. Gov.'s Mot. Dismiss App. A2. In the letter sent to Material Movement, USPS repeated the prior claims concerning Material Movement's temporary failure to operate service on HCR 710L5 and the company's failure to use vehicles that conformed with the contract's requirements. The letter explained that USPS had determined that Mr. Talano's June 18, 2012 e-mail (1) failed to address the June 1, 2012 service failure, (2) did not dispute the allegation that Material Management had used unauthorized equipment, and (3) did not identify preventative measures to address the risk of future service failures. As such, USPS terminated the contract for default. The letter advised Mr. Talano that the termination was a final decision that could be appealed to the Postal Service Board of Contract Appeals within 90 days, or to the United States Court of Federal Claims within twelve months of the date of receipt of decision. Material Movement received the Termination for Default letter on July 14, 2012. Id. at A3.

## II. DISCUSSION

### a. Standard of review for motion to dismiss for lack of subject matter jurisdiction

Because jurisdiction is a threshold issue, this court cannot proceed to the merits of Mr. Talano's case without determining whether it possesses jurisdiction to hear his claims. See Holmes v. United States, 657 F.3d 1303, 1311 (Fed. Cir. 2011). This is because the Court of Federal Claims only has the authority (i.e., jurisdiction) to hear certain types of cases. See Duncan v. United States, 446 F. App'x (Fed. Cir. 2011) (citing Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000)). If Mr. Talano is unable to demonstrate that the court possesses the necessary jurisdiction, the court has no

---

[3] Although Mr. Talano signed the response to USPS's Show Cause Notice, the message was sent from the e-mail address of Mary Talano. Compare Gov.'s Mot. Dismiss App. A12 with Gov.'s Mot. Dismiss App. A1.

3

choice but to dismiss the complaint in its entirety. See Cent. Pines Land Co. v. United States, 99 Fed. Cl. 394, 397 (2011) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)), aff'd 697 F.3d 1360 (Fed. Cir. 2012).

Under the Tucker Act, the Court of Federal Claims has jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). The Tucker Act does not, however, create a substantive right to recover money from the federal government. Searles v. United States, 88 Fed. Cl. 801, 803 (2009). Rather, the right to damages must come from some federal provision, statute, contract, or regulation that gave rise to the claim. Id. In other words, this court cannot hear plaintiff's case unless he identifies a federal law or contract entitling Mr. Talano to seek money from the federal government. See Bolin v. United States, 618 F.2d 124 (Ct. Cl. 1979); Hernandez v. United States, 93 Fed. Cl. 193, 198-99 (2010) (dismissal appropriate where plaintiff fails to allege he is party to contract with government).

Pursuant to the Contract Disputes Act of 1978 ("CDA") (recodified at 41 U.S.C. §§ 7101 to 7109), a party may bring suit against the federal government in this court when a dispute arises involving a government contract to procure, among other things, services. The CDA establishes both procedural and jurisdictional prerequisite to filing suit in this court. Among those requirements, the CDA requires that a contractor file suit in this court no more than twelve months after having received a contracting officer's final decision on the claim. 41 U.S.C. § 7104(b)(3); M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010).

### b. Mr. Talano lacks capacity to pursue contract claims on behalf of Material Management

In deciding the government's motion to dismiss, the court must distinguish between those claims made by Mr. Talano on his own behalf, and those claims asserted by Mr. Talano on behalf of Material Movement LLC. Schickler v. United States, 54 Fed. Cl. 264, 268 (Fed. Cl. 2002) (court should dismiss company as a plaintiff and consider the claims only as they relate to pro se plaintiff). This is because Material Movement is not a person, and Rule 83.1(a)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires that Material Movement be represented by an attorney. Specifically, RCFC 83.1(a)(3) provides that "[a]n individual who is not an attorney . . . may not represent a corporation, an entity or any other person in any proceeding before this court." This requirement cannot be waived. Talasila, Inc. v. United States, 240 F.3d 1064, 1066-67 (Fed. Cir. 2001).

Plaintiff appears to seek damages on behalf of Material Movement stemming from plaintiff's July 2012 assertion that USPS failed to compensate the company for $200,000

worth of services provided to an airport under HCR 710L5, as well as for the government's decision in August 2012 to terminate HCR 710L5 for default. Although Mr. Talano may perform many important functions on behalf of Material Management, that is insufficient, as a matter of law, to seek relief on behalf of his employer. Material Management is the entity that contracted with the government, and only Material Management—through an attorney—has the power to sue in this court on its behalf. Because Mr. Talano cannot represent Material Management, the court **GRANTS** the government's motion to dismiss his claims on behalf of Material Management pursuant to RCFC 83.1(a)(3).

### c. This court lacks jurisdiction to consider Mr. Talano's claim stemming from USPS's decision to revoke his access to the mails and mail facilities

As noted, Mr. Talano also seeks damages stemming from USPS's decision to revoke his access to the mails and mail facilities without the benefit of a proper investigation. Compl. at 2 (USPS violated "all due process and fairness law [by barring Mr. Talano Talano] from all postal facilities and all access to the mail"). This decision, according to Mr. Talano, constituted "malicious, prejudicial, and racial harassment." Compl. at 1. Though it is not entirely clear, the court understands plaintiff to be stating a claim for a violation of his right to due process under the Fifth Amendment. See Pl.'s Resp. 4 ("when an agency of the [U]nited [S]tates (the usps) contracted with the plaintiff/s as an agency of government, certainly they can be (or should be able to be) EXPECTED to include the constitutional and fair/legal treatment of the agents and/or employees of [Material Movement].").

Although Mr. Talano does not need an attorney to proceed with this claim, this claim must also be dismissed. It is well settled that this court's limited jurisdiction does not include the authority to hear claims premised on the Due Process Clause of the Fifth Amendment. See Hampel v. United States, 429 Fed. App'x 995, 998 (Fed. Cir. 2011) (per curiam). Therefore, the court is required to **DISMISS** Mr. Talano's due process claim pursuant to RCFC 12(h)(3).

### III.  CONCLUSION

For the forgoing reasons, the clerk is directed to enter judgment **DISMISSING** the complaint without prejudice.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Judge

5